B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>RICHARD M KIPPERMAN,<br>Chapter 7 Trustee | **DEFENDANTS**<br>VITAJOY USA, INC., a California corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Timothy J. Truxaw, Esq. / Gary E. Slater, Esq.<br>Slater & Truxaw, LLP<br>15373 Innovation Dr., Suite 210<br>San Diego, CA 92128<br>Tel: (858) 675-0755 Fax: (858) 675-0733 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND FOR DISALLOWANCE OF CREDITOR CLAIMS [11 U.S.C. §§ 502, 547 AND 550] ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☒ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☒ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint    Demand: N/A - see complaint

Other Relief Sought:

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>CORE SUPPLEMENT TECHNOLOGY, INC. | BANKRUPTCY CASE NO.<br>17-06078-MM7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISIONAL OFFICE | NAME OF JUDGE<br>Hon. Margaret M. Mann |

B1040

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Timothy J. Truxaw | |
| DATE<br>October 1, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Timothy J. Truxaw |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Gary E. Slater (State Bar No. 99141)
Timothy J. Truxaw (State Bar No. 106428)
SLATER & TRUXAW, LLP
15373 Innovation Drive, Suite 210
San Diego, CA 92128
Email: tjt@slatertruxaw.com; ges@slatertruxaw.com
Tel: (858) 675-0755 / Fax: (858) 675-0733

Attorneys for Plaintiff, Richard M Kipperman, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>CORE SUPPLEMENT TECHNOLOGY, INC.,<br><br>Debtor.<br><br>RICHARD M KIPPERMAN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>VITAJOY USA, INC., a California corporation,<br><br>Defendant. | Case No.: 17-06078-MM7<br><br>Adv. Proceeding No.: _____<br><br>Chapter 7<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS, AND FOR DISALLOWANCE OF CREDITOR CLAIMS**<br><br>[*11 U.S.C. §§ 502, 547 and 550*]<br><br>Date: None Set<br>Time: None Set<br>Dept: One (Rm. 218)<br>Judge: Hon. Margaret M. Mann |

Richard M Kipperman, chapter 7 trustee ("*Plaintiff*") of the bankruptcy estate of CORE SUPPLEMENT TECHNOLOGY, INC. ("*Debtor*"), alleges as follows:

**PARTIES**

1. On October 3, 2017 (the "*Petition Date*"), Debtor commenced the above-captioned bankruptcy case (the "*Case*") by the filing of its voluntary petition for relief under chapter 11 of the Title 11, United States Code (the "*Bankruptcy Code*"). On April 2, 2018, the above-captioned court ("*Court*") entered its order converting the Case to a case under chapter 7

-1-                                                                                          17-06078-MM7

of the Code. Plaintiff was thereupon appointed and, at all times thereafter has been serving as chapter 7 trustee of Debtor's bankruptcy estate (the "*Estate*").

2. Plaintiff is informed and believes, and thereon alleges that, at all times herein mentioned, VITAJOY USA, INC. ("*Defendant*"), is and was a corporation duly organized, existing and doing business in and subject to the laws of the State of California.

## JURISDICTION

3. Plaintiff commences this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), seeking relief pursuant to, *inter alia*, §§ 547, 550 and 502(d) of the Bankruptcy Code to avoid and recover preferential transfers made by the Debtor to or for the benefit of Defendant, and to cause the disallowance of any proof(s) of claim filed by or for the benefit of Defendant against the Estate.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and General Order 312-D of the United States District Court for the Southern District of California.

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (C) and (F) in that, *inter alia*, this is a proceeding to determine, avoid or recover preferential transfers under Bankruptcy Code §§ 547 and 550, and for disallowance of a claim under Bankruptcy Code § 502(d).

## VENUE

6. Venue of this adversary proceeding is proper under 28 U.S.C. § 1409 in that this proceeding arises in or relates to the Case which is now pending in the Court.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Preferential Transfers - 11 U.S.C. § 547)**

7. Plaintiff realleges and incorporates by this reference paragraphs 1 through 6 of this complaint as though fully set forth herein.

8. Plaintiff is informed, believes and thereon alleges, based upon Plaintiff's review and investigation of financial and banking records of the Debtor and financial institutions with which Debtor conducted business at times relevant to the transfers referred to herein, that within

the ninety (90) days prior to the Petition Date, Defendant received from Debtor on account of Debtor's antecedent debt to Defendant, directly and/or by payments for Defendant's benefit, the following sums totaling $252,106.25 (together, the "*Preference Period Transfers*"):

| Check No. | Payment Date | Payment Amount |
|---|---|---|
| #58306 | 07/12/2017 | $ 43,975.00 |
| #58350 | 07/18/2017 | $ 25,000.00 |
| #58352 | 07/19/2017 | $ 23,662.50 |
| #58393 | 07/26/2017 | $ 32,875.00 |
| #58415 | 08/03/2017 | $  1,950.00 |
| #58454 | 08/09/2017 | $ 20,000.00 |
| #58469 | 08/15/2017 | $ 20,000.00 |
| #58506 | 08/22/2017 | $ 23,000.00 |
| #58582 | 09/01/2017 | $ 25,000.00 |
| #58663 | 09/25/2017 | $  5,000.00 |
| #58689 | 09/29/2017 | $ 20,000.00 |
| #58692 | 10/03/2017 | $ 11,643.75 |

9. Plaintiff is informed, believes and thereon alleges, and pursuant to applicable law Defendant is presumed to have been for purposes of this claim, insolvent at the times when each of the Preference Period Transfers was made to or for the benefit of Defendant.

10. The effect of each of the Preference Period Transfers was to enable Defendant to receive more than Defendant would receive under chapter 7 of the Bankruptcy Code if the Preference Period Transfers had not been made and Defendant received payment on account of such debt to the extent permitted under the Bankruptcy Code.

11. Plaintiff has demanded that Defendant account for and repay the Preference Period Transfers, but Defendant has failed and refused, and continues to fail and refuse to repay to the Estate any or all of the Preference Period Transfers.

12. The Preference Period Transfers, and each of them, were avoidable preferential transfers pursuant to 11 U.S.C. § 547.

## SECOND CLAIM FOR RELIEF

### (Recovery of Avoided Transfers or Value Thereof - 11 U.S.C. § 550)

13. Plaintiff realleges and incorporates by this reference paragraphs 1 through 12 of this complaint as though fully set forth herein.

14. Plaintiff is informed, believes and thereon alleges that, upon avoidance of each of the Preference Period Transfers, Plaintiff is and will be entitled, pursuant to 11 U.S.C. § 550, to recover for the benefit of the Estate the money or property transferred or, if the Court so orders, the value of such money or property, from: (a) the initial transferee of each such transfer (or such person, trust or entity for whose benefit each such transfer was made); or (b) any immediate or mediate transferee of such initial transferee.

## THIRD CLAIM FOR RELIEF

### [Disallowance of Claims Pursuant to 11 U.S.C. § 502(d)]

15. Plaintiff realleges and incorporates by this reference paragraphs 1 through 14 of this complaint as though fully set forth herein.

16. Defendant is a transferee of an avoidable preferential transfer under 11 U.S.C. § 547.

17. Defendant has failed and refused to turn over money and/or property for which Defendant is liable to the Estate under applicable law, including 11 U.S.C. §§ 547 and 550.

18. Pursuant to 11 U.S.C. § 502(d), Plaintiff is entitled to a judgment as prayed herein and disallowing any and all Claims by or through Defendant against the Estate.

## RESERVATION OF RIGHTS

19. Plaintiff reserves his right to supplement and/or amend any of the allegations contained in this complaint, including without limitation the right to (i) allege further information regarding any or all of the Preference Period Transfers; (ii) make modifications and/or revisions to Defendant's name(s); (iii) allege claims against additional defendants, including without limitation initial, mediate or other transferees and/or conduits by or through which any of such transfers were made, including without limitation Defendant's agents, affiliates, subsidiaries, parent companies, or attorneys; and/or (iv) allege additional causes of action arising under 11

U.S.C. §§ 542, 544, 545, 547, 548, 549 and 550; (collectively, the "*Amendments*"), that may become known during the course of this adversary proceeding through investigation, formal discovery or otherwise, and for the Amendments to relate back to the date of filing of this original complaint.

20. To any extent that Defendant, or any of Defendant's subsidiaries, parent companies, transferees, successors, predecessors, agents or affiliates, has filed proof(s) of claim or have claims listed on Debtor's schedules as undisputed, liquidated and not contingent, or have otherwise requested payment from the Debtor or this Estate (collectively, the "*Claims*"), this complaint is not intended to be, nor shall it be construed as, a waiver of Plaintiff's right to object to any of such Claims for any reason including, but not limited to, 11 U.S.C. § 502, and all such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to 11 U.S.C. § 502(d) is sought by this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter relief and judgment in his favor, for the benefit of the Estate, and against Defendant as follows:

On the First Claim for Relief:

1. For a determination that each of the Preference Period Transfers was a preferential transfer within the meaning of 11 U.S.C. § 547; and

2. For a judgment against Defendant avoiding each of the Preference Period Transfers for the benefit of the Estate in the aggregate amount of not less than $252,106.25, plus any additional amounts for which Defendant is liable or indebted to Plaintiff according to proof.

On the Second Claim for Relief:

1. For a determination and judgment that, upon avoidance of each of the Preference Period Transfers, Plaintiff is entitled, pursuant to 11 U.S.C. § 550, to recover for the benefit of the Estate the money or property transferred or, if the Court so orders, the value of such money or property, from: (a) the initial transferee of each such transfer (or such person, trust or entity for whose benefit each such transfer was made); or any immediate or mediate transferee of such initial transferee.

<u>On the Third Claim for Relief</u>:

1. For a determination and judgment disallowing all of Defendant's Claims against the Debtor's Estate pursuant to 11 U.S.C. §§ 502(b)(1) and 502(d).

<u>On All Claims for Relief</u>:

1. For pre-judgment and post-judgment interest on each of the amounts determined to be avoidable as fraudulent and/or preferential transfers herein, for attorney's fees, costs of suit, post-judgment collection costs, and all other legal and/or equitable relief allowed by law.

Dated: October 1, 2019         SLATER & TRUXAW, LLP

By: /s/ Timothy J. Truxaw
Timothy J. Truxaw
Attorneys for Richard M Kipperman,
Chapter 7 Trustee, Plaintiff